**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**JOHN ALVIN BECK,**

                        **Plaintiff,**                  **3:19-cv-341
(GLS/ML)**

                              v.

**CHARLES BABEL et al.,**

                        **Defendants.**
_____
**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
John Alvin Beck
Pro Se
422 Champlin Road
Groton, NY 13073

**FOR THE DEFENDANTS:**
*Charles Babel and Merchants
Insurance Group*
Costello, Cooney Law Firm        MAUREEN G. FATCHERIC,
500 Plum Street, Suite 300         ESQ.
Syracuse, NY 13204                  MATTHEW W. O'NEIL, ESQ.

*Nationwide Mutual Insurance Company*
Hurwitz, Fine Law Firm
1300 Liberty Building                 AMBER E. STORR, ESQ.
424 Main Street
Buffalo, NY 14202

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* John Alvin Beck brings claims against defendants Charles Babel, Nationwide Mutual Insurance Company, and Merchants Insurance Group, on a form civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Pending are motions to dismiss filed by Nationwide, (Dkt. No. 6), and by Babel and Merchants, (Dkt. No. 10), pursuant to, among other things, Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons that follow, the motions to dismiss are granted and the complaint is dismissed.

### II. Background[1]

On December 11, 2018, in the Town of Groton, New York, Babel drove his vehicle past a stop sign without stopping, and collided with Beck's vehicle. (Compl. at 2.) The collision caused Beck's vehicle to be totaled. (*Id.* at 3.) Even though Beck had the "right of way," did not break any traffic laws, and could not avoid the collision, Nationwide and Merchants determined that Beck was twenty-five percent responsible for

---

[1] The facts are drawn from Beck's complaint, (Compl.), and are presented in the light most favorable to him. Citations to this pleading and all other filings are to the CM/ECF-generated page numbers.

the accident.  (*Id.*)

Further, Nationwide and Merchants declared that Beck would have to pay towing and storage expenses for the totaled vehicle, "which now has a fee of over [$]6,000."  (*Id.*)  Nationwide and Merchants conditioned the payment to Beck of "a reduced fee for [his vehicle] which has a value of $2,000," on Beck's payment of the towing and storage expenses, as well as his signing of a "release" promising that he will pay these expenses and conceding that he is responsible for the disposal of the vehicle.  (*Id.*)

Beck filed the complaint on March 19, 2019, alleging that the above facts amount to "fraud," "blackmail," and "extortion by threats."[2]  (*Id.*)  Specifically, Beck alleges that defendants conspired to defraud him of the value of his vehicle, which was destroyed by Babel's unlawful driving, and that Nationwide and Merchants committed blackmail and extortion by conditioning payment to Beck on Beck declaring that he is responsible for the disposal of his vehicle and for the towing and storage expenses.  (*Id.* at 4.)  Beck further alleges that Nationwide and Merchants "acted as [the] Court, Judge[,] and Jury" in declaring that he is partly responsible for the

---

[2] Given Beck's status as a *pro se* litigant, the court must read his pleadings "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

accident. (*Id.*)

Defendants moved to dismiss the complaint, arguing that the court does not have subject matter jurisdiction over this case. (Dkt. Nos. 6, 10.) In Beck's opposition to Nationwide's motion to dismiss, Beck asserted a new claim that defendants have committed the federal crime of mail fraud. (Dkt. No. 13 at 2.)

### III. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citation omitted). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). Indeed, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction . . . a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citation omitted).

4

Additionally, when federal question jurisdiction is asserted, raising a federal issue alone will not confer jurisdiction. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Rather, the federal issue must be substantial. *See id.* When jurisdiction is premised on claims that are "so patently without merit," the court will dismiss "for want of jurisdiction." *Id.* (internal quotation marks, alteration, and citations omitted).

## IV. Discussion

### A. Defendants' Motions to Dismiss

The cruces of the motions to dismiss are that the court does not have subject matter jurisdiction over this case under either federal question or diversity principles. (*See generally* Dkt. Nos. 6, 10.) For the reasons stated below, the court agrees.[3]

*1. Federal Question Jurisdiction*

A court may have federal question jurisdiction "where the action 'aris[es] under the Constitution, laws, or treaties of the United States.'" *Ulloa v. Mid Hudson Valley Fed. Credit Union*, Nos. 1:10-cv-132, 1:10-cv-

---

[3] Notably, as argued by them in their motion to dismiss, (Dkt. No. 10, Attach. 6 at 8-9), service of process was insufficient as to Babel and Merchants. *See* Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. §§ 308, 311; N.Y. Bus. Corp. Law § 306. Thus, dismissal is warranted against those defendants on that independent basis.

5

345, 1:10-cv-356, 2011 WL 66050, at *2 (N.D.N.Y. Jan. 10, 2011) (quoting 28 U.S.C. § 1331).

Given Beck's *pro se* status, the court construes his complaint liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Despite a liberal reading of the complaint, however, the only aspect of Beck's complaint that even remotely relates to a federal cause of action is that he filed it on a form federal civil rights complaint. (*See generally* Compl.) But the gravamen of Beck's allegations relates to an automobile accident between two private individuals and a resulting insurance dispute between a private citizen and private insurance companies. (*Id.*) Thus, if Beck has claims against defendants at all, it is pursuant to state contract law and state tort law; not pursuant to any federal law.

Although Beck filed this complaint on a form civil rights complaint pursuant to 42 U.S.C. § 1983, "[i]n order to state a claim under § 1983, a plaintiff must allege that [his federal statutory or constitutional rights were violated] by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted). Beck did not—and presumably cannot—allege that his rights under the U.S. Constitution or a federal statute were violated by

6

defendants, or, perhaps more glaringly, that defendants (a private citizen and private insurance companies) are state actors or acted under color of state law. Accordingly, the court does not have federal question jurisdiction over this case, regardless of the fact that Beck submitted his complaint on the form federal civil rights complaint.[4]

   2.   *Diversity Jurisdiction*

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and must be between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; [or] (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a).

The party seeking to invoke diversity jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is

---

[4] In response to Nationwide's motion to dismiss, Beck alleges that Nationwide "committed the crime of United States Postal Service Fraud." (Dkt. No. 13 at 2.) It is unclear whether Beck is attempting to assert this as a new claim, but, to be sure, this unsupported allegation has no bearing on subject matter jurisdiction, as the allegation cannot be found in the complaint, is not supported by any factual allegations, and federal criminal laws do not afford plaintiffs a private right of action. *See Whitehurst v. 1199SEIU United Healthcare Workers East*, 928 F.3d 201, 206 (2d Cir. 2019) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citation omitted)); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) ("It is well-established that there is no private right of action for mail fraud." (citation omitted)).

complete." *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted). Here, complete diversity does not exist, because two of the three defendants are citizens of the same state as Beck (New York). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). In any event, although not expressly stated by Beck, the court has no reason to believe that the amount in controversy exceeds the $75,000 threshold. (Compl. at 5.)

Accordingly, because Beck has failed to establish either applicable bases of the court's subject matter jurisdiction, his complaint must be dismissed.

**B.** **Leave to Amend**

When addressing a *pro se* complaint, a district court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations omitted). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better

8

pleading will not cure it." *Id.* Because the court lacks jurisdiction over this matter, and better pleading cannot establish jurisdiction without an entirely new set of facts and allegations, any amendment would be futile. *See Moran v. Proskauer Rose LLP*, No. 1:17-cv-00423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) ("[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." (citations omitted)). Accordingly, Beck's complaint is dismissed with prejudice and without leave to amend.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Nationwide's motion to dismiss (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that the motion to dismiss of Babel and Merchants (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 18, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge